**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MITCHELL BOISVERT,

      Plaintiff,

v.                                    Case No: 8:20-cv-2076-30SPF

CARNIVAL CORPORATION,

      Defendant.

---

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss or for Judgment on the Pleadings for Lack of Subject Matter Jurisdiction (Dkt. 23) and Plaintiff's Response in Opposition (Dkt. 24).   The Court, having reviewed the motion and response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiff Mitchell Boisvert initiated this action against Defendant Carnival Corporation for alleged violations under the Telephone Consumer Protection Act ("TCPA").   Plaintiff alleges he received three pre-recorded calls on his cellular telephone from Carnival between February 5, 2020, and February 7, 2020, providing check-in information about an upcoming cruise.   Plaintiff claims he did not provide consent to Carnival to place these calls.

Defendant now moves to dismiss, or for judgment on the pleadings, for lack of subject matter jurisdiction.   Defendant argues that the TCPA was unconstitutional in February 2020.

## LEGAL STANDARD

"Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds."   *Carmichael v. Kellogg, Brown & Root Services, Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).   Facial challenges are based solely on the allegations in the complaint and the court must accept the complaint's allegations as true.   *Id.*   Where there is a factual attack on subject matter jurisdiction, the court may consider extrinsic evidence such as deposition testimony and affidavits.   *Id.*   Here, the Court must accept the allegations as true because Defendant challenges the Court's jurisdiction based on the allegations in the complaint.

## DISCUSSION

The TCPA, which was enacted in 1991, generally prohibits robocalls to cell phones and home phones.   *See* 47 U.S.C. § 227(b)(1)(A)(iii).   On November 2, 2015, the TCPA was amended by adding an exception to allow robocalls made to collect government debt (the "government-debt exception").   *See* Bipartisan Budget Act of 2015, Pub. L. 114-74, 129 Stat. 584, title III, § 301(a)(1) (2015).   Under the 2015 version of the statute:

**(b) Restrictions on use of automated telephone equipment**

**(1) Prohibitions**

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> * * *
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, *unless such call is made solely to collect a debt owed to or guaranteed by the Untied States*;

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

On July 6, 2020, the Supreme Court addressed the 2015 amendment to the TCPA in *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335, 2349 (2020) ("*AAPC*"). The Supreme Court concluded that the robocall restriction under § 227(b)(1)(A)(iii), with the government-debt exception, is unconstitutional because it favors speech made for the purpose of collecting government debt over other speech. The Supreme Court concluded that the TCPA was an unconstitutional content-based restriction as written when the statute was amended in 2015. To remedy the unconstitutional statute, the Supreme Court severed the government-debt exception from the TCPA and left the remainder of the TCPA intact.

Defendant contends that the TCPA was unconstitutional and unenforceable from 2015, when the TCPA was amended to add the government-debt exception, to July 6, 2020, the date of the Supreme Court's decision in *AAPC*. Because Plaintiff alleges that the calls at issue were in February 2020, Defendant asserts that the TCPA was unenforceable at the

time the calls were made and the Court therefore lacks jurisdiction to enforce these alleged violations.

Defendant's motion largely relies upon this Court's prior Order in *Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.*, No. 5:20-CV-38-OC-30PRL, 2020 WL 7346536, *3 (M.D. Fla. Dec. 11, 2020) ("federal courts lack subject matter jurisdiction over alleged violations from enactment of the 2015 amendment to the July 6, 2020 decision in AAPC"). Upon further reflection, the Court departs from its earlier opinion because, since the Court's Order in *Hussain*, every court faced with this same issue has concluded that a plaintiff may continue to bring § 227(b) claims post-AAPC. *See McCurley v. Royal Sea Cruises*, *Inc.*, No. 17- cv-986, 2021 WL 288164 (S.D. Cal. Jan. 28, 2021); *Less v. Quest Diagnostics Inc.*, No. 3:20 CV 2546, 2021 WL 266548, at *1 (N.D. Ohio Jan. 26, 2021); *Bonkuri v. Grand Caribbean Cruises, Inc.*, No. 0:20-CV-60638-WPD, 2021 WL 612212, at *1-3 (S.D. Fla. Jan. 19, 2021); *Stoutt v. Travis Credit Union*, No. 2:20-cv-1280, 2021 WL 99636 (E.D. Cal. Jan. 12, 2021); *Trujillo v. Free Energy Sav. Co.*, No. 5:19-cv-2072, 2020 WL 8184336 (C.D. Cal. Dec. 21, 2020); *Shen v. Tricolor Cal. Auto Grp., LLC*, No. 20-cv-7419, 2020 WL 7705888 (C.D. Cal. Dec. 17, 2020); *Abramson v. Federal Ins. Co., Bay Area Health, LLC*, No. 8:19-cv-2523, 2020 WL 7318953 (M.D. Fla. Dec. 11, 2020).

Notably, at the time this Court decided *Hussain*, there was little guidance on this issue and the only two courts to decide this matter concluded that the statute was unconstitutional. *See Lindenbaum v. Realgy, LLC*, No. 1:19 CV 2862, 2020 WL 6361915, *7 (N.D. Ohio Oct. 29, 2020) ("Because the statute at issue was unconstitutional at the time

of the alleged violations, this Court lacks jurisdiction over this matter."); *Creasy v. Charter Commc'ns, Inc.*, No. CV 20-1199, 2020 WL 5761117, *2 (E.D. La. Sept. 28, 2020) ("That fact deprives the Court of jurisdiction over much of this action."). The Court stated that *Lindenbaum* and *Creasy* were "instructive on whether the Supreme Court's severance of the government-debt exception applies retroactively or prospectively" and similarly concluded that "federal courts lack subject matter jurisdiction over alleged violations from the enactment of the 2015 amendment to the July 6, 2020 decision in *AAPC*." *Hussain*, 2020 WL 7346536 at *3.

But, as stated further above, every court to analyze this issue since *Hussain* has concluded that the TCPA remains valid. The Court, having the benefit now of reading all of these cases, agrees with this majority view. The Court begins with the premise that there is no dispute that the autodialer restriction was valid before the enactment of the government-debt exception. Defendant urges, however, that the autodialer restriction was rendered unenforceable for the period of time between the enactment of the government-debt exception and the Supreme Court's determination in *AAPC* that the exception is severable. This is unpersuasive because the majority view points out that rendering the entire autodialer restriction unenforceable cannot be squared with *AAPC* and the Supreme Court's prior decisions concerning the effect of invalid amendments to constitutional statutes.

Supreme Court precedent holds that an unconstitutional amendment is "powerless to work any change in the existing statute," and that the original "statute must stand as the only valid expression of the legislative intent." *Frost v. Corp. Comm'n of Okla.*, 278 U.S.

515, 526-27 (1929).   Thus, the validity of a provision "c[an] not be impaired by the subsequent adoption of what were in form amendments, but, in legal effect, were mere nullities."   *Eberle v. Michigan*, 232 U.S. 700, 705 (1914).

Another important factor emphasized in the majority view is that the *AAPC* Court made clear that the statute's only constitutional defect stemmed from the government-debt exception.   *See, e.g.*, *AAPC*, 140 S. Ct. at 2352 ("Enacted in 2015, the government-debt exception added an unconstitutional discriminatory exception to the robocall restriction."); *see also id.* at 2353 (describing the government-debt exception as "the constitutionally offending provision").

The Court notes that this conclusion is consistent with the plurality opinion in *AAPC* in which Justice Kavanaugh clearly stated (albeit in dicta) that "our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction."   *AAPC*, 140 S. Ct. at 2355 n.12.   It is also consistent with the fact that seven Justices in *AAPC* "conclude[d] that the entire 1991 robocall restriction should *not* be invalidated."   *Id.* at 1243 (emphasis added).

In sum, "[b]ecause the Supreme Court has invalidated and severed the government-debt exception from the remainder of § 227(b)(1)(A)(iii), the exception did not affect the remainder of the statute and the statute remains enforceable, at least against non-government debt collectors, as to calls made between November 2015, and July 6, 2020."   *Stoutt*, 2021 WL 99636, at *5.   Plaintiff's complaint, "which is based on the parts of the TCPA that were enacted in 1991 and have survived a constitutional challenge, states a viable claim over which the Court possesses subject matter jurisdiction."   *Shen*, 2020

WL 7705888, at *5.   Accordingly, it is therefore ORDERED AND ADJUDGED that

Defendant's Motion to Dismiss or for Judgment on the Pleadings for Lack of Subject

Matter Jurisdiction (Dkt. 23) is denied.

      **DONE** and **ORDERED** in Tampa, Florida, this March 12, 2021.

                                       JAMES S. MOODY, JR.
                                       UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record